# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

WILBUR McELROY,

                    Petitioner,

           v.                          CASE NO.   09-3125-SAC

STATE ATTORNEY GENERAL,

                    Respondent.

## O R D E R

This action was filed by an inmate of the Sedgwick County Adult Detention Facility, Wichita, Kansas[1].  In his initial pro se two-page pleading entitled "Complaint/information", Mr. McElroy claimed "illegal incarceration" in Case No. 03-CR-2425 "from 2003 to 2006."  In support, he alleged that he was charged "with an offender registration violation" pursuant to Kansas statutes "based on his failure to inform the Sedgwick County Sheriff's Department of his change of address;" and that he was found guilty by a jury and sentenced to a term of nine months, to run consecutive to "his remaining post-release time in the 1999 case."  McElroy claimed Sedgwick County was not the proper venue for his prosecution; however, he did not state what relief he sought.  Nor did he inform the court that this state conviction had been reversed on appeal.

In addition, McElroy did not name a defendant or respondent, and did not pay a filing fee or submit a motion for

---

[1]     On-line offender records of the Sedgwick County Sheriff's Office indicate Mr. McElroy was arrested on October 17, 2008, on an "Offender Reg Act" charge, Warrant Number 07-CR-2293.

leave to proceed without prepayment of fees.  The court found that this action "may not proceed until Mr. McElroy submits a proper pleading indicating this court has jurisdiction over his claim and what relief he is seeking from whom," and has satisfied the filing fee requirements for proceeding in federal court.

Since McElroy claimed illegal incarceration, the court required that he submit completed forms for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which he did. He has also filed a motion for leave to proceed in forma pauperis, as ordered.  Having considered all the materials filed herein, the court finds as follows.

**NATURE OF CLAIM**

The court now sees that Mr. McElroy's claim is in the nature of a civil complaint for money damages only.  His form § 2254 Petition filed as directed by the court provides two crucial facts not revealed in his initial pleading.  His state conviction entered in 2004, on which this cause of action is based, was reversed by the Kansas Supreme Court on direct appeal in a published opinion filed on March 17, 2006.  State of Kansas v. McElroy, 281 Kan. 256, 130 P.3d 100 (Kan. 2006).  The relief Mr. McElroy seeks is "substantial financial compensation" for all days he was "illegally incarcerated."  These crucial facts indicate to the court that he is not challenging his 2004 conviction or his current incarceration.  Consequently, this action is not a petition for writ of habeas corpus.

The court finds that this action should be construed as a civil rights complaint for money damages.  It follows that the court must now provide notice to Mr. McElroy that this action will be treated as a civil rights complaint pursuant to 42 U.S.C. § 1983, rather than a habeas corpus petition.  Release from illegal confinement is the only relief available in a habeas corpus action, and money damages are not.  If plaintiff does not wish to proceed in this matter as a civil rights action, he must file a motion to voluntarily dismiss this action, without prejudice, within thirty (30) days of the date of this Order.

Construing the materials filed herein as a civil rights complaint, the court finds as follows.  "To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution or law of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992).

**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

To proceed in federal court, a litigant must first satisfy the applicable district court filing fee.  Mr. McElroy has filed a motion for leave to proceed without prepayment of fees (Doc. 2), and has attached an Inmate Account Statement in support as statutorily mandated.  The district court fee for filing a civil rights complaint is $350.00, which is substantially more than the $5.00 fee for filing a habeas corpus petition.  Under 28 U.S.C. §

3

1915(b)(1), a plaintiff granted leave to proceed without prepayment of fees is not relieved of the obligation to pay the full fee of $350.00 for a civil action.   Instead, being granted such leave merely entitles an inmate to proceed without prepayment of the full fee, and to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).   Furthermore, § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.   Having examined the records of plaintiff's account, the court finds the average monthly balance in plaintiff's account over the six months preceding the filing of this action is $139.57, and the average monthly deposit is less.   The court therefore assesses an initial partial filing fee of $27.50, twenty percent of the average monthly balance, rounded to the lower half dollar.   Plaintiff must pay this initial partial filing fee before this action may proceed further, and will be given time to submit the fee to the court.   His failure to submit the initial fee in the time allotted may result in dismissal of this action without further notice.

## SCREENING

Because Mr. McElroy is currently a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state

a claim on which relief may be granted, or seeks relief from a
defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).
Having screened all materials filed, the court finds the complaint
is subject to being dismissed for reasons that follow.

The pleadings filed thus far in this matter are deficient
in two main respects.  First, they do not contain the name or names
of defendant(s) who are actually alleged to have committed acts
that caused plaintiff's "illegal incarceration", and thus might
make each of them responsible to pay money damages to plaintiff as
a result.  This is the second time plaintiff has failed to provide
the name of any person he intends to sue.  Plaintiff cannot simply
seek money damages from the State or a state agency, since the
State and its agencies are absolutely immune to suits for money
damages.  Plaintiff is cautioned that the only proper defendant in
a § 1983 complaint is a "person", and not the State, an agency of
the State, or any other entity.

Secondly, this action appears to be time-barred.  The
applicable statute of limitations for filing a § 1983 complaint is
determined from the "forum state's statute of limitations for
personal injury."  In Kansas, that is the two-year statute of
limitations provided in K.S.A. § 60-513(a).  Brown v. Unified
School Dist. 501, Topeka Public Schools, 465 F.3d 1184, 1188 (10th
Cir. 2006)(citations omitted).  "A § 1983 action accrues when facts
that would support a cause of action are or should be apparent."
Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir.)(internal quotation
marks and citation omitted), cert. denied, 549 U.S. 1059 (2007).

In the specific case of a tort action to recover damages for allegedly unconstitutional conviction or imprisonment the accrual date is the date the conviction was set aside. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Wallace Kato, 549 U.S. 384, 393 (2007).

In the instant case, it is clear that plaintiff's conviction was set aside on March 17, 2006. Plaintiff thus had two years from that date, or until March 17, 2008, to file his complaint for money damages based upon that conviction. Dismissal under § 1915 for a statute of limitations bar is appropriate "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." Fogle, 435 F.3d at 1258 (internal quotation marks and citation omitted). Since plaintiff's allegations, taken as true, indicate that relief is barred by the applicable statute of limitations, this complaint is subject to dismissal for failure to state a claim[2].

Plaintiff is given time to pay the initial partial filing fee assessed by the court, to name a proper defendant, and to show cause why this action should not be dismissed as time-barred. If he fails to pay the assessed fee or comply with the other orders of the court within the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that this action is construed as a

---

[2]     Plaintiff has not alleged facts indicating that he is entitled to equitable tolling of the limitations period. His allegations that he is acting pro se and had no legal knowledge until he began to research in the law library are not grounds for tolling.

civil complaint under 42 U.S.C. § 1983, and plaintiff is granted thirty (30) days in which to file a motion to voluntarily dismiss this action if he does not wish to so proceed.

**IT IS FURTHER ORDERED** that within the same thirty (30) day period, plaintiff must submit to the court an initial partial filing fee of $ 27.50. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty (30) day period, plaintiff is required to name a proper defendant or defendants and to show cause why this action should not be dismissed as time-barred.

**IT IS SO ORDERED.**

Dated this 18th day of August, 2009, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge